UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SCOTT KACMARSKI,

    Plaintiff,

v.

JOHN EPPEHIMER and RISING
TIDE MEDIA LIMITED LIABILITY
COMPANY,

    Defendants.

Civil No. 1:13-cv-07522(NLH/AMD)

**MEMORANDUM OPINION &
ORDER TO SHOW CAUSE**

---

**APPEARANCES:**

Todd C. Rubenstein, Esquire
Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara & Wolf, LLP
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
    *Attorney for Plaintiff Scott Kacmarski*

James M. Carter, Esquire
Law Offices of Hoffman and DiMuzio
4270 Route 42
Turnersville, New Jersey 08012
    *Attorney for Defendants John Eppehimer and Rising Tide
    Media, LLC*

**HILLMAN, District Judge**

    WHEREAS, presently pending before the Court is the motion of Plaintiff, Scott Kacmarski, for the appointment of a temporary receiver for Sportfishermen.com and for a preliminary injunction to enjoin Defendants, John Eppehimer and Rising Tide Media, LLC ("Rising Tide Media"), from accessing, directly or indirectly, any funds, income or assets of Sportfishermen.com,

1

or in any manner interfering with the ordinary day-to-day operations of Sportfishermen.com; and

Defendants having initially opposed Plaintiff's motion, but having since withdrawn their opposition; and

By way of background, it appearing that:

On July 11, 2011, Scott Kacmarski purchased a 50% ownership interest in Rising Tide Media for $228,000. According to Plaintiff's complaint, Rising Tide Media is managed and operated by only one member, John Eppehimer, who owns the domain "Sportfishermen.com." The purchase was never formalized in a written agreement, but was confirmed through a series of messages between the parties, including a bank wire transfer from Plaintiff to Rising Tide Media. Despite numerous attempts, Plaintiff claims that he never received Rising Tide Media's Operating Agreement and he was never given access to its books and records. Further, Plaintiff claims that he never received any investment compensation and profits. Plaintiff has submitted bank statements and claims that Eppehimer used Rising Tide Media's financial holdings as a personal bank account, with purchases including transactions at hardware and crafts stores, watersport dealerships, and at casinos and ATMs in Atlantic City, New Jersey. Plaintiff also claims that Eppehimer threatened him to remain silent on his findings or else he would "get nothing . . .," and via text message Eppehimer threatened

to purge Rising Tide Media of its assets.  Finally, Plaintiff claims that Eppehimer admitted that he never filed tax returns for Rising Tide Media.

WHEREAS, Plaintiff having brought this action[1] asserting claims for breach of contract, unjust enrichment/quantum meruit, fraud, breach of fiduciary duty, accounting, and is seeking a declaratory judgment; and

Plaintiff having asked this Court to appoint a temporary receiver for Sportfishermen.com to prevent further corporate mismanagement and misuse of funds; and

Plaintiff having also asked this Court to issue a preliminary injunction to enjoin John Eppehimer and Rising Tide Media from accessing directly or indirectly, any funds, income or assets of Sportfishermen.com, or in any manner interfering with the ordinary, day-to-day operations of Sportfishermen.com; and

The Court noting that on October 2, 2014, Sportfishermen.com went "white" and only the forum page remained, and although Eppehimer responded in a letter

---

[1] This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Scott Kacmarski is a citizen of Nevada.  Defendant John Eppehimer is a citizen of New Jersey.  Defendant, Rising Tide Media, LLC, is a limited liability company with one member, John Eppehimer.  The citizenship of Rising Tide Media is therefore New Jersey.  Kacmarski alleges that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

acknowledging the problem and assuring the Court that he was working to fix it, as of the date of this Opinion, the website remains "white"; and

The Court further noting that on December 3, 2014, Eppehimer having filed Chapter 7 Bankruptcy, listing Plaintiff as an unsecured creditor (Docket No. 46); and

Federal Civil Procedure Rule 66 providing that the Court has the power to appoint a receiver in pending litigation, Stonebridge Bank v. Nita Properties, LLC, No. CIV. 09-5145 RBK/JS, 2011 WL 2173771, at *1 (D.N.J. June 1, 2011), and an evidentiary hearing is not needed prior to granting receivership if "the record discloses sufficient facts to warrant appointment of a receiver," Leone Indus. v. Assoc. Packaging, Inc., 795 F. Supp. 117, 120 n.6 (D.N.J. 1992) (citation omitted), although the appointment of a temporary receiver is an extraordinary form of relief and should be granted only "in the face of compelling circumstances and in the absence of a less dramatic remedy," id. at 120; and

A party seeking receivership must demonstrate: (1) a legally recognized equitable interest in the property that amounts to more than a mere claim against the defendant; and (2) an imminent danger of property being lost, injured, diminished in value or squandered, and where other legal remedies are

4

inadequate, Stonebridge Bank, 2011 WL 2173771 at *1 (citations omitted); and

With regard to preliminary injunctions, in determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief, Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) (other citations omitted); and

It appearing to the Court that Plaintiff has met his burden of establishing that he should be appointed as a temporary receiver of Sportfishermen.com and for a preliminary injunction enjoining Eppehimer and Rising Tide Media from accessing directly or indirectly, any funds, income or assets of Sportfishermen.com, or in any manner interfering with the ordinary, day-to-day operations of Sportfishermen.com, for the following reasons:

(1) Plaintiff has established his legal interest in Sportfishermen.com and that the website is in imminent danger of being squandered.  First, with regard to his legal interest, Plaintiff has established a legal interest in Sportfishermen.com because he owns 50% of the domain after wiring Rising Tide Media

$228,000.00. Second, as to the imminent threat to the website, Plaintiff has demonstrated that Eppehimer has made voluminous personal purchases with Rise Tide Media's corporate accounts ranging from watercraft purchases to several transactions at casinos and ATMs in Atlantic City, New Jersey. Further, his threats to purge the company's finances is supported by his continued use of corporate accounts for personal leisure. Eppehimer has also never filed Rising Tide Media's tax returns. The nature of this case is such that other legal remedies will not adequately compensate Plaintiff. Sportfishermen.com's business is conducted solely on the internet, and it appears that the only way to reestablish the brand is to fix the website and reopen it for customers, both of which Eppehimer has failed to do; and

(2) Plaintiff has established that Eppehimer has grossly mismanaged the company into a dire financial state that requires immediate attention in order to save its internet-based sales business model, and that Plaintiff will suffer irreparable harm if the injunction is denied because he invested $228,000.00 in Sportfishermen.com and Eppehimer has failed to act as a responsible manager for the company. While ordinarily a claim for money damages is not irreparable harm, an exception exists where the likelihood of a monetary recovery is low based on the malfeasance of the defendant. See United Steelworkers of

6

America, AFL-CIO v. Fort Pitt Steel Casting, 598 F.2d 1273, 1280 (3d Cir. 1979) (explaining that "the fact that the payment of monies is involved does not automatically preclude a finding of irreparable injury"); see also Minard Run Oil Co. v. U.S. Forest Service, 670 F.3d 236, 255 (3d Cir. 2011) (citations omitted) (explaining that as a general matter, "a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement," but "an exception exists where the potential economic loss is so great as to threaten the existence of the movant's business").  A prolonged absence from the internet, coupled with suspicious spending practices, both alleged at the hands of Eppehimer, have severely harmed the company to the point that it is no longer engaged in what appears to have once been a profitable commerce in the past.  With the website now dark, any chance of a monetary recovery seems remote.  The preliminary injunction will not result in greater harm to Eppehimer or Rising Tide Media because the Defendants have withdrawn their opposition, the motion stands unopposed, and they appear to have abandoned the website at issue.  Finally, the relief sought in this cause is not injurious to the public interest, as this matter is between private parties.  To the extent the public has any interest at all, it is in the widest variety of commercial sites on the internet.

7

WHEREAS, the Court finding, however, that despite the above analysis, whether a receiver can be appointed and an injunction ordered against Eppehimer and Rising Tide Media, LLC is unclear because (1) Eppehimer, who is Rising Tide Media's sole member, filed for Chapter 7 Bankruptcy on December 3, 2014, (2) Plaintiff is listed in the Schedule of Creditors, and (3) on December 23, 2014, the Magistrate Judge issued an order of administrative termination as to Eppenhimer pursuant to 11 U.S.C. § 362; and

The Court noting that "whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending . . . and the bankruptcy court supervising the reorganization," and that the court in which the litigation claimed to be stayed is pending thus "has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay," Brock v. Morysville Body Works, Inc., 829 F.2d 383, 387 (3d Cir. 1987); see also Larami Ltd. v. Yes! Entertainment Corp., 244 B.R. 56, 60 (D.N.J. 2000) ("Section 362(a)(3) was intended to prevent interference with a bankruptcy court's orderly disposition of the property of the estate, it was not intended to preclude post-petition suits to enjoin unlawful conduct [;]

8

[i]f this section were read to prevent the injunctive relief sought here, bankrupt businesses which operated post-petition could violate patent rights with impunity.");

Therefore,

IT IS on this   30th   day of December, 2014

ORDERED that defendant Rising Tide Media, LLC shall show cause, within 20 days of the date of this Order, as to why this Court cannot appoint Plaintiff as a receiver of Rising Tide Media, LLC, and issue a preliminary injunction against Rising Tide Media, LLC, enjoining it from interfering in Sportfishermen.com's operations; and it is further

ORDERED that defendant John Eppehimer shall show cause, within 20 days of the date of this Order, as to why this Court should not lift the order of administrative termination and issue a preliminary injunction enjoining him from interfering in Sportfishermen.com's operations; and it is further

ORDERED that Plaintiff may file a response to Defendants' submissions within 20 days of their filing.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |