UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SCOTT KACMARSKI,

    Plaintiff,

v.

JOHN EPPEHIMER and RISING
TIDE MEDIA LIMITED LIABILITY
COMPANY,

    Defendants.

Civil No. 1:13-cv-07522(NLH/AMD)

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES:**

KEITH J. SINGER
ABRAMS FENSTERMAN
1111 MARCUS AVENUE
SUITE 107
LAKE SUCCESS, NY 11042
    *Attorney for Plaintiff Scott Kacmarski*

JAMES M. CARTER
LAW OFFICES OF HOFFMAN AND DIMUZIO
4270 ROUTE 42
TURNERSVILLE, NEW JERSEY 08012
    *Attorney for Defendants John Eppehimer and Rising Tide Media, LLC*

**HILLMAN, District Judge**

    WHEREAS, pending before the Court is the motion of Plaintiff, Scott Kacmarski, for the appointment of a temporary receiver for Sportfishermen.com and for a preliminary injunction to enjoin Defendants, John Eppehimer and Rising Tide Media, LLC ("Rising Tide Media"), from accessing, directly or indirectly, any funds, income or assets of Sportfishermen.com, or in any

1

manner interfering with the ordinary day-to-day operations of Sportfishermen.com;[1] and

Defendants having initially opposed Plaintiff's motion, but then having withdrawn their opposition; and

On December 3, 2014, Eppehimer having filed Chapter 7 Bankruptcy (see B.R. 14-34451);[2] and

On December 30, 2014, the Court having found that Plaintiff had demonstrated that Eppehimer was causing an imminent threat to the website, and that Eppehimer had grossly mismanaged the company into a dire financial state; and

Recognizing that Eppehimer had filed for bankruptcy, but his company had not, the Court having issued an Order to Show Cause as to why this Court could not appoint Plaintiff as a receiver of Rising Tide Media, LLC, and issue a preliminary

---

[1]Plaintiff has brought this action asserting claims for breach of contract, unjust enrichment/quantum meruit, fraud, breach of fiduciary duty, accounting, and is seeking a declaratory judgment.  This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Scott Kacmarski is a citizen of Nevada. Defendant John Eppehimer is a citizen of New Jersey. Defendant, Rising Tide Media, LLC, is a limited liability company with one member, John Eppehimer.  The citizenship of Rising Tide Media is therefore New Jersey.  Kacmarski alleges that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

[2]On December 23, 2014, the Magistrate Judge issued an order of administrative termination as to Eppenhimer pursuant to 11 U.S.C. § 362.

injunction against Rising Tide Media, LLC, enjoining it from interfering in Sportfishermen.com's operations; but

On January 16, 2015, Rising Tide Media having also filed for Chapter 7 Bankruptcy (see B.R. 15-10797); and

The Court noting the Bankruptcy Code contains a provision which imposes an automatic stay of actions by creditors because of "the commencement or continuation . . . a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title," 11 U.S.C. § 362(a)(1); and

The Court also noting that the scope of the automatic stay is broad, Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991), but that the court in which the litigation claimed to be stayed is pending "has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay," Brock v. Morysville Body Works, Inc., 829 F.2d 383, 387 (3d Cir. 1987); and

The Court further noting that the automatic stay provision of the Bankruptcy Code was not intended to provide a "haven for wrongdoers," In re Federal-Mogul Global Inc., 684 F.3d 355, 382 (3d Cir. 2012) (citation omitted); but

The Court noting that in the bankruptcy court Plaintiff has filed an adversary proceeding against Eppehimer where he advances similar claims as he does in this matter (see B.R. 15-01236); and

In his adversary complaint, Plaintiff claiming that Eppehimer's debt owed to Plaintiff should not be discharged under 11 U.S.C. § 523(a)(2)(A) (providing that an individual debtor is not discharged from any debt for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition); id. § 523(a)(6) (providing an individual debtor is not discharged from any debt for willful or malicious injury by the debtor to another entity); id. § 523(a)(4) (providing that an individual debtor is not discharged from any debt for fraud or defalcation while acting in a fiduciary capacity); and id. § 523(a)(6) (providing an individual debtor is not discharged from any debt for willful or malicious injury by the debtor to another entity); and

The Court finding that because Plaintiff's interests appear to be adequately protected at this time in the bankruptcy court, the automatic stay provision of 11 U.S.C. § 362 should be implemented as to the entire action here, see Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad

4

discretion to stay proceedings as an incident to its power to control its own docket."); see also In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005) (quoting In re Trans World Airlines, Inc., 145 F.3d 124, 130-31 (3d Cir. 1998)) (explaining that a district court reviews "'the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof.'");

Therefore,

IT IS on this 23rd day of March, 2015

ORDERED that Plaintiff's Motion to Appoint Receiver and for Preliminary Injunction [17] be, and hereby same is, DENIED; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this matter.

                                                  s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.